08-5974-ag
Chen v. Holder

BIA
Balasquide, IJ
A099 082 631

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand ten.

PRESENT:
>        JON O. NEWMAN,
>        BARRINGTON D. PARKER,
>        RICHARD C. WESLEY,
>                *Circuit Judges.*

_____

SHI GUAN CHEN,
>        *Petitioner,*

    v.                       08-5974-ag
                                         NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,[1]
>        *Respondent.*

_____

FOR PETITIONER:        Vlad Kuzmin, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shi Guan Chen, a citizen of the People's Republic of China, seeks review of a November 6, 2008 order of the BIA, affirming the April 19, 2007 decision of Immigration Judge ("IJ") Javier E. Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Guan Chen*, No. A099 082 631 (B.I.A. Nov. 6, 2008), *aff'g* No. A099 082 631 (Immig. Ct. N.Y. City Apr. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA's opinion adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings, including adverse

2

credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

A review of the record reveals that the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The IJ reasonably found implausible Chen's testimony that he could not remember his own mother-in-law's name, where Chen alleged that his wife hid for several months with his mother-in-law and that he hid with her for 10 days. The IJ also reasonably concluded that Chen's demeanor suggested that he was not telling the truth, where he was able to quickly answer some questions but was evasive in answering others. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam) (giving "particular deference" to IJ's finding that petitioner testified "in a manner that suggested untruthfulness, rather than nervousness or difficulty comprehending the proceedings"). Therefore, it

was not error for the agency to rely on Chen's demeanor in rendering its adverse credibility determination.

The IJ also reasonably relied on the inconsistency between Chen's asylum application, in which he stated that his wife learned she was pregnant a second time in October 1998, and his testimony, in which he stated that she learned of her second pregnancy in November 1998. Because this inconsistency, even if it is minor, is supported by the record, the IJ did not err in relying on it in making his adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(b)(iii). In addition, the IJ reasonably noted that while Chen testified that he and his wife left his mother-in-law's home, where they had been in hiding, to live in Fuzhou where he had secured a job immediately prior to his wife's arrest by family planning authorities, he omitted this detail from his asylum application. While this omission may also have been minor, it nonetheless supported the IJ's adverse credibility determination in light of the previously discussed discrepancies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006). Ultimately, under the REAL ID Act, the agency's adverse credibility determination was

4

supported by substantial evidence because it is not "plain," given "the totality of the circumstances," "that no reasonable fact-finder could make such an adverse credibility ruling." *See Xiu Xia Lin*, 534 F.3d at 167.

In his brief to this Court, Chen for the first time challenges the individual bases for the IJ's adverse credibility determination, arguing that: (1) the IJ erred in finding that he could not remember his mother-in-law's name, when he was only unable to remember the third character in her name; (2) he was not inconsistent regarding when his wife became pregnant a second time because October and November sound alike in Fuzhou dialect and there could have been a translation error; and (3) there is no inconsistency as to whether his wife went with him to Fuzhou because he simply forgot to write it down. In addition to the statutory requirement that petitioners exhaust each category of relief, *see* 8 U.S.C. § 1252(d)(1), we generally will not consider arguments regarding individual issues that were not exhausted before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119-20.

On appeal to the BIA, Chen failed to challenge with any

specificity the findings that formed the basis of the IJ's adverse credibility determination. We will not now consider Chen's newly-minted arguments where the BIA never had the opportunity to consider them. *See Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004)

Because the agency's adverse credibility finding was supported by substantial evidence, its denial of Chen's application for asylum, withholding of removal, and relief under the CAT was proper because these claims were based on the same factual predicate. *See also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

In addition, Chen argues for the first time before this Court that he is entitled to withholding of removal and CAT relief because he will face torture and imprisonment because he illegally departed China. Because this argument also was not raised before the agency, we decline to entertain it. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong*, 480 F.3d at 119-20.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6